**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BELDEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:12-cv-01724-SEB-DKL |
| HITACHI CABLE AMERICA INC. and ) | |
| HITACHI CABLE MANCHESTER, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AMENDED CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

    A.    Belden Inc., Plaintiff
           Hitachi Cable America Inc., Defendant
           Hitachi Cable Manchester, Inc., Defendant

Defendant Hitachi Cable America Inc. ("HCA") is sued herein as Hitachi Cable America Inc. and Hitachi Cable Manchester, Inc.  However, as of April 1, 2012, Hitachi Cable Manchester, Inc. merged with Hitachi Cable America Inc., so HCA is the only proper defendant.

    B.    **Counsel for Plaintiff Belden Inc.**
           Matthew B. Lowrie
           mlowrie@foley.com
           Aaron W. Moore
           amoore@foley.com
           Matthew A. Ambros
           mambros@foley.com
           FOLEY & LARDNER LLP
           111 Huntington Avenue
           Boston, MA 02199
           Telephone:    617-342-4000
           Facsimile:     617-342-4001

>Holiday W. Banta
>h.banta@icemiller.com
>Adam Arceneaux
>adam.arceneaux@icemiller.com
>ICE MILLER LLP
>One American Square
>Suite 2900
>Indianapolis, IN 46282
>Telephone:    317-236-2100
>Facsimile:    317-592-4226
>
>**Counsel for Defendants Hitachi Cable America Inc. and Hitachi Cable Manchester, Inc.**
>James E. Hough
>jhough@mofo.com
>Emily E. Huters
>ehuters@mofo.com
>Morrison & Foerster LLP
>1290 Avenue of the Americas
>New York, New York  10104-0050
>Telephone:  (212) 468-8000
>Facsimile:  (212) 468-7900
>
>Jeff M. Barron
>jbarron@btlaw.com
>Barnes & Thornburg LLP
>11 South Meridian Street
>Indianapolis, Indiana 46204
>Telephone:  (317) 231-1313
>Facsimile:  (317) 231-7433

>Counsel shall promptly file a notice if there is any change in this information.

**II.**     <u>Synopsis of Case</u>

    A.     Belden Inc. is bringing this action for infringement of United States Patent Nos. 6,074,503, 7,135,641, 7,663,061, 7,997,575, and 5,563,377 against Defendants under Title 35 of the United States Code.  Belden seeks damages pursuant to 35 U.S.C. § 284, including enhanced damages, and costs.  Belden believes that this is an exceptional case within the meaning of 35 U.S.C. § 285 entitling Belden to attorneys' fees.

            Belden disagrees that a motion to stay this action (as proposed by HCA) pending

2

*inter partes* review is appropriate. Although Belden would like the opportunity to file a brief in opposition to HCA's proposed motion to stay in order to fully respond to HCA's contentions, a few points are noteworthy here:

First, as HCA acknowledges, Belden and HCA are direct competitors in the cable industry, which weighs against imposition of a stay. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-cv-00329, 2013 U.S. Dist. LEXIS 64154, at *15 (C.D. Cal. May 2, 2013) (in denying a motion to stay pending *inter partes* review, stating that "[c]ourts have found that 'infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.'"); *eCOMSYSTEMS, Inc. v. Shared Mktg. Servs.*, No. 10-cv-01531, 2011 U.S. Dist. LEXIS 10174, at *8-9 (M.D. Fla. Jan. 23, 2011) ("Courts have recognized that where the parties are direct competitors, a stay would likely prejudice the non-movant.") (citation omitted); *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011) (noting that the prejudice of a stay "is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant. While money damages may adequately compensate for a patent-holder's stay-period infringement losses in some cases, the possibility remains that the patent holder could lose market share or drop out of the market entirely during that period.") (citations omitted).

Second, the pending *inter partes* review proceedings (which involves four of the five patents-in-suit) were brought by non-party Nexans, not HCA. That means Nexans could terminate the *inter partes* review proceedings at any time without the consent of HCA.

Third, with respect to the fifth patent-in-suit, it is too early to tell whether the Patent Office will even institute *inter partes* review once HCA files its petition. The Patent Office may take up to six months to decide whether to institute the *inter partes* review (Belden has three months to respond to the petition and the Patent Office has three additional months to decide whether to institute the review). 37 C.F.R. § 42.107(b); 35 U.S.C. § 314(b).

Finally, and critically, a stay will not necessarily simplify the case because HCA is not subject to the estoppel provision that applies to *inter partes* review proceedings for the four *inter partes* review proceedings brought by Nexans. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318 (a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."). If the Court is inclined to stay this

        action, the Court should do so only if HCA agrees to be subject to this estoppel provision for the four *inter partes* review proceedings brought by Nexans.

    B.    HCA believes it does not infringe any of the five patents-in-suit and has filed affirmative defenses and counterclaims to that effect. In addition, HCA believes that all of the asserted patent claims are invalid, and has filed affirmative defenses and counterclaims to that effect. A prior lawsuit brought by Belden in Delaware against a company called Superior Essex resulted in invalidation of the asserted claims in two of the patents at issue, but Belden quickly settled that prior lawsuit in a manner structured to avoid application of collateral estoppel to those invalidity determinations.[1]

        In addition, HCA intends to file a motion for a stay of this action so that the U.S. Patent and Trademark Office ("PTO") can determine whether any of the asserted patent claims are, in fact, invalid. The PTO's consideration of these validity issues is already underway. *Inter partes* review proceedings for four of the five asserted patents have been commenced,[2] and HCA intends to file a petition for *inter partes* review on the remaining patent.[3] The *inter partes* review proceedings on the four patents must be concluded by May 2014, and HCA believes that a stay until at least that date is appropriate under the three-part test used to determine whether a requested stay is appropriate: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Hill-Rom Servs. v. Stryker Corp.*, 1:11-cv-1120-JMS-DKL, 2012 U.S. Dist. LEXIS 165470, at \*7 (S.D. Ind. Nov. 20, 2012) (citations omitted). Each of these factors favors a stay in this case.

        <u>First</u>, a stay would not unduly prejudice or tactically disadvantage Belden. It is well-established that a delay in the litigation does not alone constitute undue prejudice, and the fact that the patentee has not sought a preliminary injunction also weighs against a finding of undue prejudice. *Id.* (Belden's failure to seek interim injunctive relief is likely due, at least in part, to the fact that Belden

---

[1] *See Belden Techs., Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555 (D. Del. 2011) (upholding jury determination of invalidity of U.S. Patent No. 6,047,503 (the "'503 patent") and granting judgment as a matter of law of invalidity of U.S. Patent No. 7,135,641 (the "'641 patent").

[2] *Inter partes* reviews have been instituted for '503 patent, the '641 patent, and U.S. Patent Nos. 7,663,061 (the "'061 patent") and 7,977,575 (the "'575 patent"). These proceedings were requested by Nexans, a competitor that Belden has accused of infringement in a co-pending lawsuit. *Belden, Inc. v. Nexans, Inc.*, No. 1:12-cv-01722-SEB-MJD (S.D. Ind. Filed Nov. 21, 2012). HCA has not requested *inter partes* reviews of these asserted patents because the Patent Trial and Appeal Board would immediately issue a stay of any such review to avoid duplicated efforts and inconsistent results. *See*, *e.g.*, *Motorola Solutions, Inc. v. Mobile Scanning Techs.*, LLC, IPR2013-00093 (P.T.A.B. Jan. 31, 2013) (Paper No. 19).

[3] HCA expects that the petition for *inter partes* review for the remaining patent, U.S. Patent No. 5,563,377 (the "'377 patent"), will be on file by the initial conference date of June 27, 2013.

4

cannot demonstrate that HCA's sales would erode Belden's market share: as one of seventeen other companies that compete with Belden in the U.S. market, "a sale to [HCA] is not necessarily a loss to a sale to plaintiffs." *Belden Techs.*, 802 F. Supp. 2d at 576 & n.19 (denying Belden's motion for a permanent injunction against Superior Essex)). Nor is there undue prejudice where, as here, the patentee will have available all of its legal and equitable remedies once the stay has been lifted. *See id.* at *7-8. Nor is the requested stay strategically timed to delay the proceedings, since the proceedings have not begun in earnest: discovery has yet to begin and no trial date has been set. *See id.* at *10. <u>Second</u>, a stay will simplify the issues in this litigation. Nearly 90% of *inter partes* reexaminations have resulted in the cancellation, dismissal, or alteration of claims—a fact that frequently leads courts to conclude that a stay pending reexamination will almost always simplify the subsequent trial by reducing the number of claims or prior art at issue. *See id.* at *12-14. <u>Third</u>, a stay will reduce the burden on this Court and the parties because, on the one hand, the litigation has barely begun and, on the other, the Patent Trial and Appeal Board is expected to issue a final written decision by May 2014 for four out of the five asserted patents. *See id.* at 15 (burden reduced where, first, discovery not complete and trial date not set and, second, where all patents-in-suit subject to *inter partes* review); see also *Cook Inc. v. Endologix, Inc.*, 1:09-cv-1248-WTL-TAB, 2010 U.S. Dist. LEXIS 4906, at *6-7 (S.D. Ind. Jan. 21, 2010) (stay pending review early in proceeding conserves judicial resources, prevents duplicative proceedings, and reduces cost).

Finally, HCA has filed a counterclaim and interposed an affirmative defense of inequitable conduct based on Belden's violation of its duty of candor to the PTO during the prosecution of the '575 patent.

## I.     <u>Pretrial Pleadings and Disclosures</u>

NB:  Defendants just answered the Complaint on June 14, 2013. In view of the procedural posture of the case, the parties have agreed that the "Anchor Date" referred to below shall mean April 1, 2013. To the extent the Court proceeds with the lawsuit instead of the requested stay, HCA agrees to Belden's proposed Anchor Date, but submits that the maximum allowable time for each event be granted in consideration of the complexity of the lawsuit.

    A.     The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before July 30, 2013.[4]

---

[4] Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

B. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before August 29, 2013.

C. Plaintiff(s) shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before August 29, 2013[5] which shall contain the following information:

1. Each claim of each patent in suit that is allegedly infringed by each opposing party;

2. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3. A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

4. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

6. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

---

[5] Notes about additional suggestions not incorporated into this document:
(a) For complex cases, consider adding "preliminary noninfringement contentions" at the same deadline as "preliminary invalidity contentions" and adding "validity contentions" between the deadlines for "preliminary invalidity contentions" and "exchange list of claim terms to be construed"; and
(b) For cases in which the accused product is not readily available (*e.g.*, source code), additional time should be permitted for "preliminary infringement contentions."

6

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

    a.    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    b.    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date; and

    c.    A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

D.    Defendant(s) shall serve Preliminary Invalidity Contentions on or before October 14, 2013.

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or

renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(l) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, and other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Plaintiff's Claim Chart; (b) A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

E. The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the court and identify any claim element which they contend should be governed by 35 U.S.C 112(6) on or before October 28, 2013. The parties shall thereafter meet and confer for the purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

F. The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before November 18, 2013. If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before November 22, 2013.

G. On or before November 18, 2013 the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. By the same date, the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic

        evidence by production number or produce a copy of any such item not produced. With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

H.    Within **10 days** after service of the statements of preliminary claim construction, the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

I.    If plaintiff(s) identified a *Markman* expert, plaintiff(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before December 19, 2013.

J.    If defendant(s) identified a *Markman* expert, defendant(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after plaintiff(s) serves its expert witness disclosure; or if none, defendant(s) shall make its expert disclosures on or before January 23, 2014.

K.    The parties shall file a Joint Claim Construction Statement on or before February 5, 2014.  The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

L.    A settlement conference before the assigned magistrate judge or, if the parties prefer, private mediation, will be held approximately **10 days** after the parties file the Joint Claim Construction Statement.

M.    *Markman* Briefing

Track 1

        The parties shall file initial *Markman* briefs on or before February 25, 2014 and reply *Markman* briefs **30 days** later.

N.    The parties should anticipate that a *Markman* hearing will be held approximately April 11, 2014.

O.    Not later than **15 days after the court's *Markman* decision**, the court shall set a case management plan conference at which Phase II dates and trial date will be set.

P.   Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:  (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.  This will be completed on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which shall be entered only upon a showing of good cause.

Q.   A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that the court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed on or before _____ [within **30 days after the court's *Markman* decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

R.   Plaintiff(s) shall serve (but not file with the court) on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* a statement of damages to be sought at trial, if any, and make a settlement demand. Defendant(s) shall serve (but not file with the court) a response thereto within **30 days** after receipt of the demand.

S.   All parties shall file and serve their final witness and exhibit lists on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*. **These lists shall be updated (narrowed) every 30 days until trial witness lists are filed.** The final witness lists shall include a brief description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel.

T.   On or before _____ [no later than **60 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of

court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement believes in good faith that the court's Claim Construction Ruling so requires.

U. Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted herein, may be made only by order of the court, which shall be entered only upon a showing of good cause.

V. On or about _____ [**120 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] all fact discovery shall be completed

W. The party with the burden of proof on an issue shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [**no later than 150 days after the Markman ruling**]. The party not bearing the burden of proof shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [**30 days after the opposing party serves its expert witness disclosure**]; or if the party with the burden of proof has disclosed no experts, the opposing party shall make its expert disclosure on or before [**no later than 180 days after the Markman ruling**].

X. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 60 days** prior to the dispositive motion deadline. If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

Y. All dispositive motions shall be filed on or before _____ [**210 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] and shall be briefed pursuant to Local Rule 56-1.

Z. All expert discovery shall be completed on or before _____ [**210 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

AA. Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect as soon as practicable, but in no event later than _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

BB. Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

CC. The court will schedule a case management conference approximately **320 days after the court's *Markman* decision**.

DD. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting. (also available in MS Word on the court's website at www.insd.uscourts.gov/Judges/CMP_info.htm.)

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.     **Referral to Magistrate Judge**

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial. [If the parties consent to the referral of this case to the Magistrate Judge, they must file signed consents. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

V.      **Required Pre-Trial Preparation**

   A.   **SIXTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

      1.   File a list of witnesses who are expected to be called to testify at trial.

      2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

      3.   Submit all stipulations of facts in writing to the court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

      4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the court and copy to all opposing parties either:

         a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

         b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

      5.      Provide all other parties and the court with any trial briefs, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the court, with proposed findings of fact and conclusions of law).

      6.      File any motions in limine, which shall be briefed according to Local Rule 7-1.

      7.      Notify the court and opposing counsel of the anticipated use of any evidence presentation equipment.

  B.    **THIRTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

      1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.      File any objections to proposed instructions and *voir dire* questions submitted by the opposing parties.

      4.      Notify the court and opposing counsel of requests for separation of witnesses at trial.

## VI.    Other Matters

Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

The parties shall agree that: (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into who, if anyone, other than the expert

participated in the drafting of his/her report.  Questions concerning (B) shall be limited to:  (1) identifying all persons who participated in the drafting of the report (names and personal information only, no identification of the substance of each identified person's involvement), and (2) the extent of the expert's personal involvement in the drafting of the report.  The court will not entertain motions on these two issues.  In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

At the final pretrial conference, the parties will inform the court whether the parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Exhibit numbering shall, to the extent possible, be maintained with a single and unique exhibit number throughout the entire case. A party first marking a document as an exhibit (whether with a pleading or declaration, for a deposition or trial, or otherwise) shall mark it, and the parties shall cooperatively track which documents are so marked, and shall thereafter use that exhibit numbering for all purposes. While it is preferable to have exhibits marked sequentially, the parties may also agree to ranges of exhibit numbers for their respective, initial marking. If the same document is marked with more than one exhibit number inadvertently, such multiple exhibit numbers shall remain. The parties are not to mark exhibits as letters, but may, and are encouraged to, mark related documents (such as duplicates with different bates numbers, or related versions of the same document) with numbers followed by letters (e.g. Exh. 7, Exh. 7-A, and Exh. 7-B).

July 3, 2013                                    Respectfully submitted,


                                                ICE MILLER LLP

                                                /s/ Holiday W. Banta
                                                Holiday W. Banta
                                                Indiana State Bar No. 17852-49
                                                Email:  H.Banta@icemiller.com
                                                Adam Arceneaux
                                                Indiana State Bar No. 17219-49
                                                Email:  Adam.Arceneaux@icemiller.com
                                                ICE MILLER LLP
                                                One American Square, Suite 2900
                                                Indianapolis, IN  46282-0200
                                                Telephone:  (317) 236-5882
                                                Facsimile:  (317) 592-4226

        Matthew B. Lowrie (admission pending)
        mlowrie@foley.com
        Aaron W. Moore (admission pending)
        amoore@foley.com
        Matthew A. Ambros (admission pending)
        mambros@foley.com
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        Telephone:   617-342-4000
        Facsimile:    617-342-4001

        *Attorneys for Plaintiff Belden Inc.*

        */s/ James E. Hough*
        James E. Hough (jhough@mofo.com)
        Emily E. Huters (ehuters@mofo.com)
        MORRISON & FOERSTER LLP
        1290 Avenue of the Americas
        New York, New York  10104
        Telephone: (212) 468-8000
        Facsimile:  (212) 468-7900

        Jeff M. Barron (IN 27730-49; IL 6269374)
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, Indiana 46204
        Telephone:  (317) 231-1313
        Facsimile:   (317) 231-7433
        jbarron@btlaw.com

        *Attorneys For Hitachi Cable America Inc. And Hitachi Cable Manchester, Inc.*

|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |  |
|---|---|---|
|  | APPROVED AS SUBMITTED. |  |
|  | APPROVED AS AMENDED. |  |
|  | APPROVED AS AMENDED PER SEPARATE ORDER |  |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |  |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |  |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |  |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: |  |
|  |  | _____ IN PERSON IN ROOM _____; OR |
|  |  | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR |
|  |  | _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (_____) _____. |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN. |  |

17

|  |
|--|
|  |
|  |
|  |
|  |
|  |
|  |

     Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

     **Approved and So Ordered.**

                                                                                               ..................................................................................

Date                                                                   U. S. District Court
                                                                           Southern District of Indiana